### LESESNE AND EDMONDSON *vs.* COOK.

APPEAL FROM THE COURT OF THE FIFTH DISTRICT, FOR THE PARISH OF
ST. MARY, THE JUDGE OF THE SIXTH PRESIDING.

Where factors or commission merchants receive a general power to sell, free of all limitations as to price, they cannot be made responsible, for any thing they may have done afterwards, with a good intention.

A factor who acts in good faith, is not responsible for errors of judgment.

The circumstance of the factor being a creditor of the shipper or consignor, and the necessity of advances being covered, will not justify a sale below the limited price.

Interest will be allowed on an open account, from another state, where a statute of that state is in evidence, authorizing it and fixing the rate.

This is an action on a factor's or commission merchant's account, for advances in money, and acceptances on a consignment of sugar. The plaintiff, after selling the defendant's sugar under full powers, to get the best price they could, and allowing all credits, claim a balance of two thousand and sixty-eight dollars and forty-one cents. These transactions took place in Mobile, in the state of Alabama; and interest is claimed, at the rate of seven per cent., according to the laws of that state. They pray judgment for the amount of their demand.

The defendant pleaded a general denial, and averred that, the plaintiffs received from him, a large consignment of sugar (forty-one hogsheads and two barrels,) of the best quality, which they bound themselves to sell for the highest price the Mobile market would afford, during the spring and summer

WESTERN DIST.
*September*, 1840.

LASERNE AND
EDMONDSON
*vs.*
COOK.

of 1836. But said agents neglecting their duty, kept the sugar in store, in an improper place, where it wasted about three hundred pounds per hogshead, or about two thousand pounds in all, making a loss of fifteen hundred dollars. That on the 6th of June, 1836, he wrote to them to sell without delay, and on the 20th, urged them again to sell. That on the receipt of these letters, he believes they could have sold the sugar, for twelve cents and a half, which would have produced the sum of five thousand five hundred dollars, for which it should have been sold. He expressly charges, that the plaintiffs, in violation of their duty as agents and factors, kept the sugar on hand until the following November, and sold it for nine cents per pound, by which he suffered a loss of two thousand three hundred and twelve dollars, and for which the plaintiffs are responsible. That he is not liable to pay interest, as charged. He prays that the plaintiffs' demand be rejected, and that he have judgment in reconvention, for two thousand dollars in damages. Upon these pleadings and issues, the case was tried.

The correspondence between the parties was produced in evidence, and the testimony of witnesses taken, as to the state of the Mobile sugar market at the time ; all of which is fully stated, and recapitulated in the opinion of the court.

A statute of Alabama was in evidence, showing, that interest was allowable on open accounts, at the rate of seven per cent. per annum.

There was judgment for the plaintiffs, in the sum of two thousand and sixty-eight dollars and forty-one cents, with seven per cent. interest, from the 10th of December, 1836, the date of the account, until paid.

The defendant appealed.

*Maskell,* for the plaintiffs, contended, that a commission merchant or factor, who receives sugar for his principal, for sale, and instructions are given to sell at a stated price, which cannot be obtained, has a right to sell below the limited price, if he obtain the highest price, between the sale and inception of the suit. 7 *Louisiana Reports,* 131.

WESTERN DIST.
*September*, 1840.

LASERNE AND
EDMONDSON
*vs.*
COOK.

2. Where no positive instruction is given, as to the price of a consignment, a draft, by consignor on consignee, will justify a sale, in order to meet it.   7 *Martin,* 68.

*Dwight,* for the defendant, urged various objections to the plaintiffs' account ; that it did not show what disposition was made of the defendant's sugar.

2. The plaintiffs induced the defendant, to send his sugar to the Mobile market, and consign it to them, by the promise of extraordinary high prices, and afterwards mismanaged and neglected the sale ; caused great delay and loss of weight, so that the price fell far short of what had been assured or guaranteed to the defendant, and his sugar was sacrificed.

3. No interest should have been allowed on an open account, and the judgment is for too much, even admitting the principles upon which the case was decided.

*Garland, J.,* delivered the opinion of the court.

This suit is instituted to recover a balance of two thousand and sixty-eight dollars and forty-one cents, alleged to be owing on account of money advanced and a draft accepted on account of a quantity of sugar shipped by the defendant, who is a planter, in the Parish of St. Mary, to the plaintiffs, who were merchants in Mobile, in 1836.   The defence is, that the plaintiffs received, on consignment, forty-one hogsheads and two barrels of sugar to sell, as commission merchants, and that they neglected their duty, disobeyed the orders of the defendant, stored the sugar, kept it on hand a long time, and finally sold it at a price much below what could have been obtained for it, whereby the defendant incurred a heavy loss, for which, he says, the plaintiffs are responsible.

The facts are, that the defendant, in the month of April, 1836, shipped the sugar and went to Mobile in the vessel with it, having previously informed the plaintiffs of it.   The shipment was, perhaps, induced by the representations of the plaintiffs, as to the state of the market in that city.   The

vessel arrived about the last of April, and the defendant was offered twelve cents a pound for the sugar, on the wharf, which he refused ; one of the plaintiffs telling him he thought the market would be better in the course of a month. The defendant then directed the sugar to be stored, and saw it put in an open warehouse, with which he expressed himself satisfied. He remained some time in Mobile, and various efforts were made to sell the sugar, which proved unsuccessful. A part of it was put up at auction, and twelve and a quarter cents per pound offered for it, and refused by the defendant. On the 7th of May, the plaintiffs wrote to defendant, saying, the market was dull since he had left, and the maximum price for sugar was twelve and a half cents, and that only in small lots. On the 6th of June, the defendant wrote to plaintiffs, saying, " I think you would do well, to offer the sugar at twelve, or twelve and a quarter cents, in preference to continue the storage through the summer ; please try and effect a sale, on some principle that will reimburse you," &c., &c.; and then goes on to say, " I had not a doubt, but that the article would have been in a greater demand before this time, when I left, but we must try and take it as it offers." On the 20th of June, 1836, the defendant again wrote plaintiffs, that he would submit his opinion to theirs, but that he thought it better to sell at any price, than to continue the storage, yet leaves it to their judgment, and says, " if you act agreeably, you will meet my approbation." This letter gave the plaintiffs a general power, and removed all limitations as to the price of the sugar, and they cannot be made responsible for any thing they have done since, with a good intention. *Louisiana Code, art.* 2975. It is shown, that the plaintiffs made various attempts to sell the sugar, but could not obtain the price asked by the defendant. The market, it appears, gradually declined from the time the sugar was stored, and continued to do so through the summer. The letter of the 20th of June, rescinding the limit, as to price, did not reach the plaintiffs, until towards the close of the month, and then, the evidence informs us, the business season had closed or was closing, in Mobile, and produce could

WESTERN DIST.
September, 1840.

LASERNE AND
EDMONDSON
vs.
COOK.

only be sold in small lots, for domestic consumption. To use the language of one of the witnesses, "only a city business was doing."

A factor is bound to do the best he can for the interest of his principal, and is responsible for any damages that may result from the non-performance of his duty, the unfaithfulness of his management, his fault or neglect; but when he acts in good faith, he is not responsible for errors of judgment, more particularly, when the principal concurs with him in opinion as to the state of a market, which, it appears, the plaintiffs and defendant did for some time. Some very sufficient reason should be given, to justify a factor selling produce consigned to him, at a price below the limit fixed. This court has decided, that the circumstance of the factor being a creditor, and the necessity of advances to the owner being covered, will not justify a sale below the limited price. 7 *Louisiana Reports*, 124. The plaintiffs had every inducement to sell the sugar at the highest price. They had made an advance of nearly five thousand eight hundred dollars on it, and it is reasonable to suppose, they were desirous of getting it back with their commissions. No bad faith is shown on the part of the plaintiffs, and it appears, they sold the sugar as early as they could, at the opening of the business season, in the autumn, at about nine cents per pound, which was the highest market price.

A statute of the state of Alabama is in evidence, which allows interest, at the rate of seven per cent. per annum, on demands of this description, and it has been allowed by the court below.

It has been alleged, as an error apparent on the face of the record, that the judgment is for a larger sum than that claimed. The difference is only a few cents, and too unimportant to require correction.

The judgment of the District Court, is, therefore, affirmed, with costs.

*A factor, who acts in good faith is not responsible for errors of judgment.*

*The circumstance of the factor being a creditor of the shipper or consignor, and the necessity of advances being covered, will not justify a sale below the limited price.*

*Interest will be allowed on an open account, from another state, when a statute of that state is in evidence, authorizing it, and fixing the rate.*